Our next case is Agenda 127-538, People of the State of Illinois v. Lance Davidson, Agenda number 4. Counsel for O'Connell, are you prepared to proceed? May it please the Court, Counsel, my name is Carl Munt, I am an Assistant Appellate Defender on behalf of Lance Davidson. Your Honors, Lance Davidson was convicted of aggravated battery based on making knowing physical contact of an insulting or provoking nature with correctional officer Stitts. The dispute in this case is how we decide whether contact is insulting or provoking. The State argues that under the statute, we look only to the act itself in order to decide whether it is the kind of act that is insulting or provoking. Mr. Davidson disagrees, and it is our position that the statute requires that we look at the factual context and the surrounding circumstances in order to determine whether the victim was insulted or provoked in the case. I think an anecdote will help illustrate why the State's position is incorrect. On Sunday, I was watching football, and after one of the plays, a player jogged over to the sideline. And his coach patted him on the butt and said, good job. Is that insulting or provoking? No. But hypothetically, that same player later that day was walking through the airport, and a complete stranger comes up and pats him on the butt. Is that insulting or provoking? Yes. But what's different in those two situations? Not the act. The act is precisely the same in both, a pat on the butt. But what changes is the factual context and the surrounding circumstances. And that's what determines whether it was insulting or provoking, not the act itself. But it appears you want a subjective standard rather than the objective standard that appears in the case law. The case law is – the case law pretty clearly applies a subjective standard, I would argue, Your Honor. In each of the – in each case, they analyze the factual circumstances to decide whether this particular contact in this case was insulting or provoking. Exactly. But they don't say whether the victim felt insulted or – do they? They do. They don't always explicitly say it like that. But in each of the cases, they were looking at whether the victim was insulted in that particular case. Are you asking for a rule that there be evidence that the victim in a particular case is insulted or provoked? Absolutely not. The victim does not have to testify in any particular fashion. The State just has to prove that the victim was insulted. But they can do that through circumstantial evidence, evidence about a relationship among the parties, or as in lots of domestic violence cases where the victim doesn't testify, they may have made previous statements to police or to third parties. Any of that kind of evidence can come in to demonstrate whether the victim was subjectively insulted or provoked in the case. Counsel, does the statutory language require that the State prove that the victim was insulted? It does, Your Honor. If you look at the way – What is that language? It's – if you look at the overall construction of the Battery statute, it is about a defendant's conduct towards an individual. And that individual is the victim. Let's talk about the elements. So you're in a jury trial, and you're the prosecutor, and you have to prove your case. What do you have to prove? What are the elements of the offense? The State has to prove knowing, physical contact of an insulting or provoking nature. So absent is any requirement that they have to prove that the victim or alleged victim was the person who was insulted or that they were individually insulted. It does not explicitly say that in the statute. I will agree with that, Your Honor. But the principal goal of statutory construction is to evince the intent of the legislature through the plain language of the statute while avoiding absurd results. And when you look at it from that lens, it becomes clear that the victim is the one who must be insulted. Otherwise, it would lead to absurd results. And so if we're in a situation where a woman is battered in public by her husband or a significant other, and that person is arrested for battery, and for whatever reason the victim does not want this person prosecuted, under the theory you're wanting us to accept, if she were to come to court and say, I was not offended, I wasn't, you know, insulted or provoked, then the case goes away? Well, no, Your Honor, because at that point it would be up to the trier of fact to decide whether they believed that testimony. The State would be, you know, the State can prevent, excuse me, present additional evidence about perhaps how the person reacted in the moment or if there are additional facts saying why this person has changed their opinion. As in any other case, it's up to the trier of fact to determine whether or not to credit that testimony. If they believe that person, they can choose to acquit. They can also choose to say, I'm not sure I believe she really means this, and they could choose to convict if there is sufficient evidence. The victim's testimony is not the end-all, be-all. It's merely one factor in the overall calculus. But you would require that there be some objective evidence, even if it's not the victim's statements, that the victim actually felt insulted or provoked, right? Yes, there has to be evidence that the victim was subjectively insulted. It can come in many different forms or kinds of evidence, just as in any other case. And this is versus the idea that the conduct was insulting or provoking. That's correct, Your Honor. No case in the State of Illinois has identified a contact that is by its nature insulting or provoking. Even something as revolting as spitting, which Illinois courts have mentioned, spitting has formed the basis for battery convictions for over 100 years. However, courts have also said we can envision circumstances in which spitting is not insulting or provoking. And that demonstrates that it is not the act itself. It's the surrounding circumstances and the factual context that we have to look at. It's not necessarily what the victim thought about the conduct. That's part of the overall consideration. I'm confused because you're saying it's a subjective standard based on what the victim feels, and now you're saying it's not. I guess I did not mean to imply that it's not. So if someone spits on a person that's unconscious, that's a battery? It can be, depending on the factual circumstances. Doesn't an objective text make more sense, even under your analogy that you opened with? I disagree, Your Honor. I think an objective test would lead to a situation where we're not looking at the factual context. One of the cases in the briefs was People v. Davis, involving the physician who masturbated during a medical exam. The court in that case acknowledged the contact, the medical exam, was not insulting or provoking. It was the surrounding context and his additional behavior outside of the contact that made it insulting or provoking. So in that case, if it was a purely objective test of looking at the contact, that doctor would not have been convicted because the contact itself was not insulting or provoking. It was the additional facts around that. And in your subjective test, you always look at the direct or circumstantial evidence surrounding the victim. Is that what you're saying? Yes. As the Second District Court said in People v. Ward, every district that has looked at this has said the statute requires proof that the victim is insulted or provoked, not some third party. And that's because, again, if you go back to the overall construction of the Battery Statute, and when you're intending to avoid absurd results, it has to be that the victim is the person we're concerned with. In the second district case, People v. Ward, that was the one where the defendant was arguing with a police officer and his wife stepped in between them and he pushed her to the side and was arrested and convicted for domestic battery based on insulting or provoking conduct. She testified, he was just moving me to the side. I was not insulted or provoked. He did nothing wrong. In that case, she did not perceive herself as a victim. She did not feel victimized. And if we completely ignore her testimony and go just on the conduct, that defendant will be prosecuted and convicted, even though under the statute no one was a victim of this battery. That's an absurd result, and that cannot be what the legislature intended. And when we take those principles and apply them to this case, the evidence did not show that Correctional Officer Stitz was insulted or provoked in this case. He understood that Mr. Davidson was upset by what happened in court. He was not mad at this officer. He was mad about what happened in court and was expressing his frustration or anger by kicking the door and being loud. And when Officer Stitz told him to lock down, he went to the other side of the room. They kind of went around a little. And then as Officer Stitz approached him, Mr. Davidson shoved him in order to get away from him. The evidence doesn't show that he shoved him and said, let's go, or shoved him and said, you're a jerk. Classic insults and provocations. Much like Ward, the evidence demonstrates he pushed him in order to move him, in order to get by him. And when you look at how Officer Stitz reacted, or more accurately, did not react, he did not react in a way that demonstrated he was offended, insulted, provoked. He said he simply grabbed Mr. Davidson's arms, spun him around, put him in a cell to lock him down, which was his intent from the beginning. And under those facts, the State did not prove that Correctional Officer Stitz was insulted or provoked. If Your Honors have no other questions, we ask this Court to reverse Mr. Davidson's conviction. Thank you very much, Counsel. Counsel, do I have the lead? Good morning, Your Honors. Counselor, may it please the Court, Assistant Attorney General Garson Fisher for the people. Your Honors, the best evidence of the General Assembly's intent here, as always, is the plain language of the statute. And I think the most telling part of my friend's argument was his exchange with Justice Holder White about that language, which made plain that that language unambiguously asks the trier of fact to answer an objective question. What is the nature of the contact between the defendant and his victim? Nature of an act is its essential or fundamental characteristics. This is not something that changes from case to case depending upon the effect it has on any given victim. But we do look at the circumstances surrounding it. I mean, you're not arguing that it's just the contact that we look at in isolation. Not at all, Your Honor. Like the case where the person brushed their knee up against the person's back. If you do it by accident in the theater, not a battery. Correct, Your Honor. And the objective analysis. I mean, these terms, insulting and provoking, come to us from the tort of battery, which similarly asks an objective question, which is to say, how would a reasonable person under the same circumstances perceive that contact? The circumstances are absolutely relevant to the objective test. And indeed, my friend's argument often seemed to indicate actually just an ordinary objective test. You asked him about an unconscious victim. Plainly, if it's actually a subjective test, an unconscious victim can't be insulted or provoked. But an ordinary person looking at the circumstances of the contact could well determine, as an objective question, that spitting on an unconscious victim or, for example, in the case of People v. Williams, kicking an unconscious victim was contact of an insulting or provoking nature. That is an objective test. And the General Assembly knows how to write the alternative. Indeed, in the battery statute itself, the other type of battery asks whether the contact caused injury to the victim. There are two different types of batteries. One asks, what is the prohibited conduct? The other asks, what is the prohibited consequence? And that's reflected as well in the mens rea component. The statute that defines knowing under Illinois law addresses two different types of cases, those where the question is, does the defendant know that his conduct is of a certain kind? That's the instruction that is given to the jury in a case like this, where the question is, was the contact of an insulting or provoking nature? And a different type of knowledge, that reasonable certainty or near certainty that conduct will result in a certain consequence. That's the type of instruction that's given in the other kind of battery, where the contact causes injury. In this case, insulting and provoking is conditioned on the nature, right? Well, absolutely, Your Honor. That takes it out of the subjective context. Absolutely, Your Honor. This is that type of battery that asks, is this prohibited conduct, and not whether it resulted in prohibited consequences. That's the plain language of the statute. It is unambiguous, and it answers the question in this case. And the distinction makes a difference. As Your Honor pointed out, People v. Ward is a domestic battery case on which a PLA is still pending in this court. There, the jury found that the evidence was sufficient to demonstrate that the defendant's contact with his wife was of an insulting or provoking nature. And the appellate court overturned that conviction and found that as a matter of law, the evidence was insufficient because the victim testified that she was not insulted by the contact. Courts have repeatedly recognized, and we know that victims of domestic batteries, and this rule will apply to all batteries, including those sorts, are often reluctant to testify or even make statements prior to trial or show a motion in response to battery by their abusers. So there is no question that applying the subjective test that defendant seeks in this case will result in otherwise valid domestic battery convictions being overturned as it was in Ward. And indeed, to go back to your question, Your Honor, a lot of the cases that defendants suggest actually adopt that subjective standard don't. Those cases are often relying on earlier cases that either explicitly adopted an objective standard or found evidence sufficient in the absence of any evidence about the effect on the victim. They simply applied the objective test in the ordinary way where you consider the circumstances and found that the evidence was sufficient. But in those cases involving some of the most vulnerable victims around, like domestic batteries or a case involving possibly a victim who's already been rendered unconscious, that test is going to make a difference. Which test is applied is going to make a difference, and the subjective test is going to thwart the General Assembly's intent to protect those victims from batteries. Turning to the facts of this case, the jury reasonably found that the evidence was sufficient to show that the contact was of an insulting or provoking nature. The defendant challenged the victim's authority as a guard in the jail. He was clearly in a heightened emotional state, whether that was due to the victim's actions or not. And then he shoved the victim in the chest, nearly knocking him over the table and chairs in the day room. It was at the very least reasonable for the trier of fact to conclude that that evidence established that the contact was of an insulting or provoking nature in this case. And unless your honors have any additional questions, the people would ask that this court affirm the judgment of the appellate court. Thank you. Thank you very much. Counsel, you may reply. I have just a couple of brief points, your honors, regarding the unconscious victim. Our position has never said that the victim must testify to the reaction at the precise instant of the contact. They can be asked later on. The defendant or the victim in Williams, for example, the prosecution could have asked him, when you came to and someone told you what happened, how did you feel? That evidence there could have satisfied the statute. And similarly, with regard to domestic violence victims, again, as I stated before, we're not asking this court to apply any different standard or anything different than happens in most domestic violence cases where there are questions about whether the victim is going to testify or cooperate or those things. It's the same here. And all we're saying is there needs to be evidence about the victim's state of mind. It doesn't require the victim to testify to anything in particular or not testify at all. It's just proving their state of mind, which in criminal law, we use circumstantial evidence to prove state of mind all the time. That's the best way to do it. So, in other words, in domestic violence cases, if the alleged victim gets on the stand and denies that it was of provoking nature, then there's no case anymore, right? Again, not automatically. Again, the trier of fact, you know, it's up to the trier of fact to decide whether or not they believe that testimony or not. But if we don't look at whether or not the victim was subjectively insulted and provoked, we are ignoring victims in those cases. When they come in and say, no, no, no, this got blown out of proportion. The police are saying it went this way. That's not what happened. We don't want to ignore them. They have a right to determine whether or not their significant other is prosecuted, possibly going to prison. If they don't feel victimized, why should the state step in and say, no, no, no, you were a victim. Let us handle it for you. That's very patronizing to people in that situation. Defies the whole history of domestic violence, doesn't it? I mean, domestic violence, it's very common for the alleged victims to always deny being a victim, deny any of that stuff, right? I mean, that's the whole history of domestic violence. Yes, that history exists. And I guess what I'm saying is here, this case will not change that in any way. It's not going to increase that in any fashion. That already exists, so that argument against this interpretation of the statute is hollow, in my opinion. And regarding the two types of battery in the statute, the reason the legislature worded the two, the bodily harm section and the insulting and provoking section differently is because of the kinds of things we're looking at. Bodily harm is something that can be looked at, measured. Are there bruises? Is there a red mark, a scratch, a cut, a stab? You can see whether or not bodily harm existed. You can't do the same to figure out whether a person is insulted or provoked. It's an inherently personal, emotional feeling. But what you just said is not in line with what the statute says. The statute says nothing about a person. I respectfully disagree, Your Honor. In both sections, it's make contact with an individual. Right. That was insulting or provoking in nature. Yes. They used the phrase insulting or provoking in nature. But as I said, when you look at it as a whole and as applied to the factual circumstances, it becomes clear it the legislature intended for it to be a question of whether the victim was insulted or provoked. And if Your Honors have no other questions, Mr. Davidson asks this Court to reverse his conviction. Thank you, Your Honors. This case, People v. Davidson, Number 127-538, Agenda Number 4, will be taken under advisement. Thank you, counsel, for your argument.